GABROY LAW OFFICES
Christian Gabroy (#8805)
Kaine Messer (#14240)
The District at Green Valley Ranch
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:    (702) 259-7777
Fax:    (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, Nevada 89511
Tel:    (775) 284-1500
Fax:    (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Corey Nelsen, Individually and on behalf of others similarly situated,<br><br>                    Plaintiffs,<br><br>        vs.<br><br>Konami Gaming, Inc.;<br>EMPLOYEE(S)/AGENT(S) DOES 1-100;<br>and ROE CORPORATIONS,<br>COMPANIES AND /OR PARTNERSHIPS<br>101-151, inclusive,<br>                    Defendant. | Case No.:<br><br><br><br>**CLASS ACTION COMPLAINT WITH JURY DEMAND** |

## COMPLAINT

COMES NOW Plaintiff Corey Nelsen ("Plaintiff" or "Nelsen"), by and through his attorneys, Christian Gabroy, Esq. and Kaine Messer, Esq. of Gabroy Law Offices and Mark Thierman, Esq. and Joshua Buck, Esq. of Thierman Buck LLP, and hereby complains against Defendant Konami Gaming, Inc. ("Defendant" or "Konami Gaming").

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his counsel. Each allegation in this Class Action Complaint With Jury Demand either has evidentiary

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

### JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question.

2.     "An action to enforce any liability created under [the FCRA] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction" within the earlier of "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability" or "5 years after the date on which the violation that is the basis for such liability occurs." 15 U.S.C. § 1681p.

3.     Venue is proper in this District because Defendant does business in this judicial district, Plaintiff applied for employment with Defendant in Clark County, and the illegal and unlawful act complained of occurred within Clark County, and Plaintiff resided and was domiciled in Nevada at all relevant times.

### PRELIMINARY STATEMENT

4.     This class action is brought pursuant to the Fair Credit Reporting Act ("FCRA") against Defendant for the acquisition and use of consumer and/or investigative consumer reports to conduct background and credit checks on Plaintiff and other prospective and current employees of Defendant.

5.     Defendant obtained background and credit reports for prospective and current employees of Defendant.

6.     Defendant used the information in background and credit reports to make employment related decisions for prospective and current employees.

7.     Defendant failed to comply with federal mandates for obtaining and using background and credit reports for employment purposes.

8.     Defendant routinely violated the FCRA and its core protections by procuring background and credit reports on employees and job applicants without

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

providing a "stand alone" disclosure that a background and credit report would be procured.

9.      Instead, Defendant willfully included extraneous information such as a "release of liability" in an effort to shield themselves from its unlawful acts.

10.     Under the FCRA, an employer or prospective employer cannot "procure, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless . . . a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes." 15 U.S.C. § 1681b(b)(2)(A)(i) (emphasis added).

11.     Defendant willfully and systematically violated 15 U.S.C. § 1681b(b)(2)(A)(i) by procuring consumer reports on Plaintiff and other putative class members for employment purposes, without first making proper disclosures in the format required by the FCRA.  *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

12.     Based on Defendant's conduct, Plaintiff asserts FCRA claims on behalf of himself and the class defined below. On behalf of himself and the class, Plaintiff seeks statutory damages, punitive damages, attorneys' fees, litigation costs, and all other available relief.

## **PARTIES**

13.     The named Plaintiff, Corey Nelsen ("Nelsen"), is a natural person who resides in Washington state, and is a "consumer" within the meaning of 15 U.S.C. § 1681a(c).

14.     Defendant Konami Gaming, Inc. is an entity registered in the State of Nevada and is a "person" within the meaning of 15 U.S.C. § 1681a(b).

15.     The identity of DOES 1-100 is unknown at this time and this Complaint will be amended at such time when the identities are known to Plaintiff.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

16.     Plaintiff is informed and believes that the Defendant sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" shall mean "Defendants and each of them."

17.     Plaintiff and members of his class do not know the true names or capacities of Defendant sued herein as Does 1-100 or Roe Corporations 101-151 inclusive and will seek leave to amend this Complaint to correctly designate those parties as soon as their correct names and capacities are ascertained. Plaintiff and members of his class are informed and believe and thereupon allege that said Defendant was in some manner legally responsible for the unlawful actions set forth herein and acting as Plaintiff and members of his class's employer. All allegations repeated herein against the Defendant are made with equal force against Roe Corporations.

## FACTUAL ALLEGATIONS

18.     Plaintiff was employed by Defendant from on or about November 9, 2015 until on or about August 3, 2017.

19.     Plaintiff was initially employed as an Application Technical Specialist, and thereafter as a Technical Support Specialist I.

20.     Upon information and belief, Defendant requires all prospective and current employees to submit to a background investigative consumer report.

21.     Defendant conducted a background investigative consumer report on Plaintiff on or about September 30, 2015.

22.     Plaintiff first became aware that Defendant conducted a background investigative consumer report on him on or about August 4, 2017, when he reviewed his employment records.

23.     At no time prior to obtaining a background report on Plaintiff did Defendant provide Plaintiff with a stand-alone document of a legal disclosure that they would be conducting a consumer background report.

**GABROY LAW OFFICES**
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

24.     Instead, Defendant provided Plaintiff with a Release Authorization, which contained extraneous information **and** a waiver and release of liability clause. *See* a true and correct redacted copy of the Release Authorization attached as Exhibit I.

25.     The Release Authorization form contained the following statement:

> By signing this Release Authorization, you agree to release and hold such third party investigative firms, its officers, employees and agents, and any other person, or public or private entity inquiring about, investigating, furnishing, communicating, reviewing or evaluating information or documents pursuant to this request, harmless from any claim, action, litigation or cause of action that may arise from Company's use of the information contained in the Report.

*See* Exhibit I.

26.     Upon information and belief, Defendant procured background reports on all prospective and current employees of Defendant but does not provide those employees with a disclosure that consists solely of that disclosure.   Instead, Defendant forces prospective and current employees of Defendant to waive and release all potential claims that they may have against Defendant.   This is a per se unlawful, and a willful violation of the FCRA.   *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

## CLASS ACTION ALLEGATIONS

27.     Plaintiff asserts his claim on behalf of the following Class of individuals:

> **Any person whom Defendant procured a background report for employment purposes in the period beginning 5 years prior to the filing of the Complaint up to and including judgment.**

28.     **Numerosity**: The class is so numerous that joinder of all class members is impracticable. Defendant regularly used its disclosure to procure background reports on current employees and job applicants. Thousands of Defendant's prospective and existing employees satisfy the class definition.

29.     **Typicality**: Plaintiff's claims are typical of the members of the class. Defendant typically uses an identical disclosure to procure background reports on

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

prospective and existing employees. The FCRA violations suffered by Plaintiff is typical of those suffered by other class members, and Defendant treated Plaintiff consistent with other class members in accordance with its standard practices.

30.    **Adequacy**: Plaintiff will fairly and adequately protect the interests of the class and has retained counsel experienced in complex class action litigation.

31.    **Commonality**: Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting individual members of the class, including but not limited to:

    a)    Whether Defendant Konami Gaming procured background reports on prospective and existing employees;

    b)    Whether Defendant violated the FCRA by procuring such background reports without a FCRA-compliant disclosure;

    c)    Whether Defendant's FCRA violations were willful;

    d)    The proper measure of statutory damages; and

    e)    The proper measure of punitive damages.

32.    **Predominance/Superiority**: Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Class certification will also preclude the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

33.    Plaintiff intends to send notice to all members of the class to the extent required by Fed. R. Civ. P. 23. The names and addresses of the class members are available from Defendant's records.

**FIRST CAUSE OF ACTION**
**Procuring Consumer Reports without First Making Proper Disclosures**
**15 U.S.C. § 1681b(b)(2)(A)(i)**
**(On Behalf of Plaintiff and the Class Against Defendant)**

34.    Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

35.    Defendant procured consumer reports, as defined by the FCRA, on Plaintiff and all class members.

36.    These reports were procured for employment purposes without first providing Plaintiff or any class member a clear and conspicuous disclosure made in writing, in a document consisting solely of the disclosure, that a consumer report may be obtained for employment purposes in violation of 15 U.S.C. § 1681b(b)(2)(A)(i).

37.    The foregoing violations were willful. Defendant acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other class members under 15 U.S.C. § 1681b(b)(2)(A)(i). *See Sarmad Syed v. M-I, LLC, et. al.*, Case No. 14-17186, 2017 WL 242559, at *1 (9th Cir. Jan. 20, 2017).

38.    Defendant's willful conduct is reflected by, *inter alia*, the following:

a)    The FCRA was enacted in 1970; Defendant has had over 40 years to become compliant;

b)    Defendant's conduct is inconsistent with the FTC's longstanding regulatory guidance, judicial interpretation, and the plain language of the statute;

c)    Defendant knew or had reason to know that its conduct violated the FCRA;

d)    Defendant repeatedly and routinely uses the disclosure it used with Plaintiff to procure consumer reports;

e)    Defendant's inclusion of a liability release clearly implies awareness

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

by Defendant that it could be held liable for improperly procuring a consumer report;

f)    Despite the pellucid statutory text and there being a depth of guidance, Defendant systematically procured consumer reports without first disclosing in writing to the consumer *in a document that consists solely of the disclosure*, that a consumer report may be obtained for employment purposes; and

g)    By adopting such a policy, Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless.

39.    Plaintiff and the class are entitled to statutory damages of not less than $100 and not more than $1,000.00 for each and every one of these violations, pursuant to 15 U.S.C. § 1681n(a)(1)(A).

40.    Plaintiff and the class are entitled to such amount of punitive damages as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2).

41.    Plaintiff and the class are further entitled to recover their costs and attorneys' fees, pursuant to 15 U.S.C. § 1681n(a)(3).

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and his class demand a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and his class, prays for relief as follows:

A.    Determining that this action may proceed as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

B.    Designating Plaintiff as Class Representative and designating Plaintiff's Counsel as counsel for the class;

C.    Issuing proper notice to the class at Defendant's expense;

D.    Declaring that Defendant committed multiple, separate violations of the FCRA;

GABROY LAW OFFICES
170 S. Green Valley Pkwy., Suite 280
Henderson, Nevada 89012
(702) 259-7777 FAX: (702) 259-7704

E.      Declaring that Defendant acted willfully, in deliberate or reckless disregard of Plaintiff's and class members' rights and Defendant's obligations under the FCRA;

F.      Awarding statutory and punitive damages as provided by the FCRA;

G.      Awarding reasonable attorneys' fees and costs as provided by the FCRA; and

H.      Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

DATED this 24th day of August 2017.

GABROY LAW OFFICES

By:   /s/ Christian Gabroy
Christian Gabroy (#8805)
Kaine Messer (#14240)
170 South Green Valley Parkway, Suite 280
Henderson, Nevada 89012
Tel:   (702) 259-7777
Fax:   (702) 259-7704
christian@gabroy.com
kmesser@gabroy.com

THIERMAN BUCK LLP
Mark R. Thierman (#8285)
Joshua D. Buck (#12187)
7287 Lakeside Drive
Reno, NV  89511
Tel. (775) 284-1500
Fax. (775) 703-5027
mark@thiermanbuck.com
josh@thiermanbuck.com
*Attorneys for Plaintiff*