# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COREY NELSEN, | Case No. 2:17-cv-02248-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | |
| KONAMI GAMING, INC., | (Docket Nos. 20, 21) |
| Defendant(s). | |

Pending before the Court is Defendant's renewed motion for protective order and to stay discovery. Docket Nos. 20, 21. That motion seeks an order allowing Defendant to delay or avoid the requirement to respond to discovery pending resolution of its motions seeking arbitration. That motion is targeted at, *inter alia*, relieving Defendant of the obligation to respond to the outstanding written discovery already propounded. *See, e.g.*, Docket No. 20 at 3. Problematically, responses to that discovery were due on December 7, 2017, *see, e.g.*, Docket No. 17-1 at ¶ 7, and the motion for protective order and to stay discovery was not filed initially until 8:27 p.m. on December 7, 2017, *see* Docket No. 17 (notice of electronic filing). Given those circumstances, the Court denied the initial motion without prejudice so that this timing issue could be addressed. Docket No. 19. Defendant's renewed motion attempts to address the issue, but also makes clear that counsel was aware of the underlying arbitration provision for 21 days before initiating a meet-and-confer with opposing counsel regarding a possible stay of discovery and 23 days before seeking a stay of discovery from the Court. Docket No. 20 at 7.

The Court previously noted that Defendant had failed to show that the mere filing of its motion for protective order obviated its obligation to respond to the written discovery that was propounded. Docket No. 19 at 1. Reframing the issue as one of timeliness, Defendant contends that it properly filed its motion for protective order on the same day the discovery responses were due and is therefore still entitled to relief from the discovery already propounded. *See* Docket No. 20 at 8-11.[1] It is axiomatic that the act of filing of a motion to stay does not itself impose a stay. A party is not entitled to grant itself such relief. "Simple logic teaches that . . ., unless and until it is granted a stay, [a party] should be required to conduct discovery as if no motion had been filed at all." *Apple v. Eastman Kodak Co.*, 2011 WL 334669, at *2 (N.D. Cal. Feb. 1, 2011) (quoting *Willemijn Houdstermaatschaapij BV v. Apollo Computer Inc.*, 707 F. Supp. 1429, 1441 (D. Del. 1989)); *see also First American Title Ins. Co. v. Commerce Assocs.*, 2016 WL 951175, at *3 (D. Nev. Mar. 8, 2016) ("Absent a court order, TG Investments was obligated to participate in discovery while Defendants' motion to stay was pending. *See* Fed. R. Civ. P. 26(c). TG Investments should have produced responsive documents while the Defendants' motion to stay was pending"). The mere fact that Defendant filed a motion to stay discovery and for a corresponding protective order did not itself impose a stay of discovery, and Defendant should have provided its responses to the written discovery on December 7, 2017. Unless the Court rules otherwise before that date, Defendant shall provide responses to that discovery within 14 days of the issuance of this order.

With respect to the request for expedited relief, the Court finds this request not particularly persuasive, especially in light of the 23-day delay in Defendant bringing the motion to stay discovery after becoming aware of the existence of an arbitration provision. *Cf. Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1143 (D. Nev. 2015).[2] Nonetheless, the motion to stay raises a relatively straight-

---

[1] The Court need not opine herein on Defendant's general proposition that it is appropriate to file a motion for protective order in lieu of discovery responses. For the purposes of this order, it is sufficient for the Court to find that filing a motion for protective order seeking a stay of discovery does not in and of itself obviate the need to respond to discovery requests.

[2] Defendant's counsel indicates that they were delayed in seeking relief from the Court due to counsel and one of their children falling ill during the relevant period. Docket No. 20 at 7. The reasons provided leave much to be desired, as they are vague and fail to show as to why the lengthy delay at issue here could

forward dispute and it should not impose significant hardship for Plaintiff to file a responsive brief contemporaneously with the response to the motion to dismiss. Hence, Plaintiff shall respond to the pending motion for protective order and to stay discovery no later than December 19, 2017. Any reply shall be filed by noon on December 21, 2017.

    IT IS SO ORDERED.

    DATED: December 11, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

be attributed to what appears to be seasonal illness.