# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| COREY NELSEN, | Case No. 2:17-cv-02248-APG-NJK |
| Plaintiff(s), | ORDER |
| v. | |
| KONAMI GAMING, INC., | (Docket Nos. 20, 21) |
| Defendant(s). | |

Pending before the Court is Defendant's renewed motion for protective order and to stay discovery pending resolution of its motion to dismiss and to compel arbitration. Docket Nos. 20, 21; *see also* Docket Nos. 15, 16 (motion to compel arbitration and to dismiss). Plaintiff filed a response in opposition. Docket No. 24; *see also* Docket No. 23 (response in opposition motion to compel arbitration and to dismiss). Defendant filed a reply. Docket No. 25. The Court finds a hearing unnecessary. *See* Local Rule 78-1. For the reasons discussed below, the motion for protective order and to stay discovery is hereby **GRANTED**.

The Court has broad discretionary power to control discovery. *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). The party seeking a stay carries the heavy burden of making a strong showing why discovery should be denied. *See, e.g.*, *Turner Broadcasting Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997). The case law in this District makes clear that requests to

stay all discovery may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds there is a sufficient likelihood that the motion will be granted. *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013). Courts are more likely to stay discovery when the underlying motion raises critical preliminary issues, such as jurisdiction. *See Kabo Tools Co. v. Porauto Industries Co.*, 2013 WL 5947138, *1-2 (D. Nev. Oct. 31, 2013); *see also Kidneigh v. Tournament One Corp.*, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013) (finding that motion to compel arbitration and to dismiss raises issues of jurisdiction and venue that should be resolved at "the earliest possible stage in litigation").

Having reviewed these standards, the Court finds a stay of discovery to be appropriate. The underlying motion to compel arbitration and to dismiss can be decided without discovery, would be dispositive of court proceedings, and is sufficiently meritorious to justify delaying discovery until it can be decided by the district judge.[1] Accordingly, the motion to stay discovery is **GRANTED** and, as a corollary, the motion for protective order from already-propounded discovery requests is also **GRANTED**. In the event resolution of the motion to compel arbitration and to dismiss does not result in termination of this case, then the parties shall file a proposed discovery plan within 14 days of the issuance of the order resolving that motion.

IT IS SO ORDERED.

DATED: December 20, 2017

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[1] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge who will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to compel arbitration and to dismiss in this instance.